## E. MUELHOEFER & SON, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.

Docket No. 10715.    Decided July 30, 1926.

Evidence *held* insufficient to show that the Commissioner's computation of petitioner's income for 1920 upon the percentage basis was erroneous.

*Maurice T. Weinshenk, Esq.*, for the petitioner.
*W. H. Lawder, Esq.*, for the respondent.

Before STERNHAGEN, LITTLETON, and TRUSSELL.

The petitioner claims that the Commissioner erred in using the percentage method of determining its taxable income for the calendar year 1920. The Commissioner determined deficiencies of $466.74 for 1920 and $265.30 for 1921. No question is involved concerning the 1921 deficiency.

### FINDINGS OF FACT.

The petitioner is an Illinois corporation with principal office at Chicago, where it is engaged in the undertaking business. In connection with this work, it owns and operates also an automobile livery business.

Such records as the petitioner kept of its transactions for 1920 were upon the accrual basis, and that method was used by it in computing its income as shown in its return filed for that year. Upon examining this return, the Commissioner made an audit of the petitioner's books of account. These were poorly kept, and, as a result

of the audit, he concluded that he would be unable to determine petitioner's income for the year 1920, either from the books or from any information which he was able to obtain from the officers of the company. He thereupon proceeded to compute the income from such statistical information as was in his possession by the use of a percentage method as follows:

| | |
|---|---:|
| Sales reported | $47, 506. 44 |
| Less: commissions | 2, 151. 09 |
| Net sales | 45, 355. 35 |
| Gross income, 61 per cent of net sales | 27, 661. 76 |
| Net income, 18 per cent of gross income | 4, 980. 00 |
| Net income reported in return | 3, 876. 59 |
| Net income for year increased | 1, 103. 41 |

### OPINION.

LITTLETON: The petitioner contends that, at the time of the Commissioner's audit, it had, and still has, complete books and records correctly reflecting its income, and that the Commissioner erred in using the percentage method of computing its income for the year 1920.

The Commissioner's auditor testified that he was unable correctly to determine petitioner's income from the books made available for his inspection, while an accountant employed by petitioner to make an audit and correct its method of bookkeeping testified that the petitioner's income for 1920 could be correctly determined from its books.

In regard to the records which petitioner claimed to have, correctly reflecting its income, it was clearly incumbent upon it to disclose their contents to the Board in order that it might be in a position to judge of the correctness or otherwise of the Commissioner's determination.

In the absence of such records or of any available evidence of the items entering into the computation of the petitioner's income and disbursements during the year, the Board is manifestly unable to conclude just what the income really was, and is therefore not in a position to say that the determination of the Commissioner was erroneous.

*Judgment for the Commissioner.*